**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> COMMERCIAL INVESTIGATION & ADJUSTMENT COMPANY, INC., <br><br> Defendant. | Civil Action No. 25-5677 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Pension Benefit Guaranty Corporation's

("PBGC") unopposed Motion for Default Judgment against Defendant Commercial Investigation

& Adjustment Co., Inc., as Plan Administrator of the Commercial Investigation & Adjustment Co.,

Inc. Retirement Plan ("Defendant"). (ECF No. 6.) The Court has carefully considered PBGC's

submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For

the reasons stated below, the Court grants PBGC's Motion.

I.    **BACKGROUND**[1]

This action arises under Title IV of the Employment Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. §§ 1301-1461. The Court, therefore, discusses the relevant statutory

framework, before summarizing the relevant facts.

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true, "except those relating to the amount of damages[.]" *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

### A.    Statutory Framework

PBGC is a wholly owned United States government corporation and "is the federal agency that administers and enforces the nation's defined benefit pension plan insurance program established" by ERISA. (Compl. ¶ 5, ECF No. 1) When an underfunded pension plan covered under Title IV is terminated, PBGC "pays statutorily guaranteed pension benefits to plan participants and their beneficiaries." (*Id.*) PBGC is authorized by 29 U.S.C. § 1342 to commence proceedings in the appropriate United States District Court to terminate a defined benefit pension plan when it determines that: (1) such plan has not met the minimum funding standard required under Section 412 of the Internal Revenue Code ("IRC"); (2) the plan will be unable to pay benefits when due; or (3) termination is necessary to protect the interests of the plan's participants. (*Id.* ¶¶ 13-14); *see* 29 U.S.C. §§ 1342(a)(1), (2). Typically, when an underfunded defined benefit pension plan is terminated, PBGC becomes the statutory trustee of the plan and uses insurance funds to pay the plan's unfunded benefits. (*Id.* ¶ 15); 29 U.S.C. § 1322. A district court may appoint PBGC as the statutory trustee if termination is necessary to protect the interests of plan participants. (Compl. ¶ 16); 29 U.S.C. § 1342(c). When the plan administrator and PBGC have not agreed on a plan termination date for a defined benefit pension plan covered by Title IV, a district court may establish the date of termination. (Compl. ¶ 17); 29 U.S.C. § 1348(a)(4). Pursuant to 29 U.S.C. § 1342(c), a trustee for a defined benefit pension plan shall be appointed by the District Court upon granting a decree of plan termination. (Compl. ¶ 18.) PBGC may also request that it be appointed as trustee of a defined benefit pension plan in any case. (*Id.*); 29 U.S.C. § 1342(b).

### B.    Factual Background

PBGC brings this action regarding the Commercial Investigation & Adjustment Co., Inc. Retirement Plan (the "Plan") pursuant to ERISA. (Compl. ¶ 1.) Defendant conducted

claims-related investigations, primarily for large auto insurance companies, until it ceased operations. (*Id.* ¶ 6.) The Plan is a single-employer defined benefit plan, effective July 1, 1994, and is covered under ERISA. (*Id.* ¶¶ 7-8.) Defendant is the Plan's contributing sponsor and administrator. (*Id.* ¶¶ 9-10.) Defendant has not filed the required 550-SF Short Form Annual Return/Report of Small Employee Benefit Plan ("Form 5500") since filing its 2020 form for the 2019 plan year. (*Id.* ¶¶ 11-12.) Defendant ceased operations, terminated all employees, and abandoned the Plan. (*Id.* ¶ 21.)

PBGC determined that the Plan will be unable to pay benefits when due and that termination of the Plan is necessary to protect the interest of the Plan's participants. (*Id.* ¶ 20.) PBGC thus issued a Notice of Determination (the "Notice") to Defendant on February 28, 2025, informing Defendant of such. (*Id.* ¶ 22.) PBGC sent its Notice to Douglas O'Neill ("O'Neill"), President of Defendant, by e-mail message. (*Id.* ¶ 23.) That same day, PBGC additionally published an advertisement in the Asbury Park Press to notify Plan participants of the determination and the fact that it was taking steps to assume responsibility for the Plan as its statutory trustee. (*Id.* ¶ 28.)

### C.    Procedural Background

PBGC filed its Complaint on May 27, 2025, requesting an order with the following relief: (1) an adjudication that the Plan is terminated pursuant to 29 U.S.C. § 1342(c); (2) appointment of PBGC as statutory trustee of the Plan pursuant to 29 U.S.C. § 1342(c); (3) the establishment of February 28, 2025, as the termination date of the Plan pursuant to 29 U.S.C. § 1348(a)(4); (4) an order directing Defendant to transfer, convey and deliver all records, assets, and property of the Plan to PBGC as trustee upon request pursuant to 29 U.S.C. § 1342(d)(1); and (5) such other relief the Court deems just and proper. (*Id.* at 6-7.) After requesting entry of default and the Clerk's Entry

3

of Default, (Request for Clerk's Entry of Default, ECF No. 4; Clerk's Entry of Default), PBGC filed the instant Motion for Default Judgment (Pl.'s Mot., ECF No. 6).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55[2] authorizes a court to enter default judgment "against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Entry of default judgment is left to the district court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Default judgment is a disfavored remedy because it does not resolve a plaintiff's claims on the merits. *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

When determining whether to enter default judgment, three assessments guide the Court's analysis. *See Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *2 (D.N.J. Aug. 12, 2022). *First*, "where a defendant fails to respond to a complaint, the Court must ensure that the plaintiff properly served the defendant." *Id.* (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)). *Second*, the Court must ensure that "the unchallenged facts" within the complaint give rise to a "legitimate cause of action." *Id.* (quoting *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). When conducting this assessment, the Court assumes as true all allegations in the complaint, except legal conclusions and allegations regarding damages. *See DIRECTV, Inc.*, 431 F.2d at 165 n.6 (citing *Comdyne I*, 908 F.3d at 1149). *Third*, the Court

---

[2] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

4

must determine whether default judgment is appropriate by weighing three factors (the "*Emcasco* factors"): "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)).

## III.    DISCUSSION

### A.    Proper Service

First, the Court must determine whether PBGC properly served Defendant. *Gold Kist*, 756 F.2d at 19; *Chef's Warehouse Mid-Atl., LLC v. Bayou Boys LLC*, No. 25-721, 2025 WL 2535617, at *2 (E.D. Pa. Sep. 3, 2025). The plaintiff "bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (citation omitted). The plaintiff can meet this burden "by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Mills v. Ethicon*, 406 F. Supp. 3d 363, 392 (D.N.J. 2019) (citation omitted).

Defendant is a corporation. (Compl. ¶ 6.) A corporation located in the United States may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B).

PBGC has established by a preponderance of the evidence that Defendant was properly served with the Summons and Complaint. PBGC pleads that O'Neill is president of Defendant and filed an Affidavit of Service indicating that O'Neill was personally served at his home address. (Aff. of Service, ECF No. 3; Compl. ¶ 23; *see also* Ex 1 to Compl., ECF No. 1-3 (addressed to O'Neill as "President" of Defendant).) PBGC has therefore properly served Defendant. *Knights*

*Franchise Sys., Inc. v. Forward Hotels & Dev., LLC*, No. 17-2789, 2019 WL 2636070, at *4 (D.N.J. June 27, 2019) (quoting Fed. R. Civ. P. 4(h)(1)(B)).

### B.     Jurisdiction

The Court next turns to whether it may exercise jurisdiction over the parties. "[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

Here, the Court has subject matter jurisdiction over the action pursuant to: (1) 29 U.S.C. § 1303(e)(3) because the statute explicitly provides that "[t]he district courts of the United States shall have jurisdiction of actions brought by [PBGC] under this subchapter"; (2) 28 U.S.C. § 1331 because this is a civil action arising under ERISA; and (3) 28 U.S.C. § 1345 because the PBGC is a United States agency. The Court, accordingly, has subject matter jurisdiction over this action. The Court also has personal jurisdiction over Defendant because it is a corporation that is both incorporated in and has its principal place of business in New Jersey. (Compl. ¶ 6); *Trs. of United Food & Com. Workers Union v. Union Org. for Soc. Servs.*, No. 22-541, 2023 WL 3862039, at *3 (D.N.J. June 6, 2023).

### C.     Sufficiency of PBGC's Causes of Action

Next the Court must determine whether the Complaint sufficiently states a cause of action. PBGC moves for termination of the Plan and appointment as trustee of the Plan pursuant to 29 U.S.C. §§ 1342(a)(2), (c). (Pl.'s Moving Br. 5, ECF No. 6-1.) PBGC alleges that the Plan is unable to pay benefits when due and was abandoned by Defendant, and that Defendant has not provided consent to terminate the Plan or agreed to a termination date. (*Id.*; Compl. ¶¶ 20-22, 24.)

6

Title IV of ERISA authorizes PBGC to commence court proceedings to terminate a pension plan upon determining that "the plan [is] unable to pay benefits when due" and after PBGC issues notice to the plan administrator of its determination. 29 U.S.C. § 1342(a)(2). Once an action has been brought, a district court may issue a "decree adjudicating that the plan must be terminated in order to protect the interests of the participants." *Id.* § 1342(c)(1). PBGC alleges that the Plan is unable to pay benefits when due because Defendant ceased operations, and the Plan was effectively abandoned. (Compl. ¶¶ 20-22.) PBGC also alleges that it issued a Notice of Determination to Defendant on February 28, 2025. (*Id.* ¶ 22.) The Court therefore finds that PBGC has sufficiently alleged its claims pursuant to 29 U.S.C. §§ 1342(a)(2), (c)(1). *See Pension Benefit Guar. Corp. v. Ward Tech. Prods., Inc.*, No. 22-2312, 2024 WL 5232834, at *3 (E.D. Cal. Dec. 27, 2024), *R.& R. adopted, Pension Benefit Guar. Corp. v. Ward Tech. Prods., Inc.*, No. 22-2312, 2025 WL 1768207 (E.D. Cal. June 26, 2025).

PBGC requests the Court to determine that the Plan's termination date was February 28, 2025. (Pl.'s Moving Br. 5.) PBGC alleges this Court is authorized to establish a termination date for a plan if PBGC and the plan administrator cannot agree to one. (Compl. ¶¶ 13-14, 17.) A pension plan's termination date is ordinarily "established by the [PBGC] and agreed to by the plan administrator[.]" 29 U.S.C. § 1348(a)(3). In the absence of such an agreement, however, "the date [is] established by the court." *Id.* § 1348(a)(4). Here, PBGC has adequately alleged that there is no agreement between PBGC and Defendant, and it is therefore appropriate for the Court to establish a termination date of February 28, 2025. *Pension Benefit Guar. Corp. v. Jensen's Inc.*, No. 22-61, 2023 WL 12218681, at *3 (E.D. Tenn. May 1, 2023).

PBGC also requests that the Court appoint it as trustee of the Plan. (Compl. ¶¶ 30-31.) Pursuant to 29 U.S.C. § 1342(c), a District Court is permitted to "appoint a trustee" in connection

7

with a proceeding to terminate a plan. 29 U.S.C. § 1342(c)(1). Here, PBGC has adequately alleged that this Court has the statutory authority to appoint it trustee of the Plan.

### D.    Default Judgment Factors

Lastly, the Court must determine whether it should enter default judgment. In doing so, it considers the following *Emcasco* factors to determine whether to grant a default judgment under Rule 55(b): "(1) prejudice to the plaintiff if default is denied[;] (2) whether the defendant appears to have a litigable defense[;] and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted); *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003). The Court examines each factor in turn.

Regarding the first factor, "[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate his . . . claims." *United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) (citation omitted); *see also Slaughter v. Moya*, No. 17-6767, 2018 WL 3742622, at *3 (D.N.J. Aug. 7, 2018) ("[B]ecause [d]efendant has failed to appear, [p]laintiffs suffer prejudice if they do not receive a default judgment because they have no other means of vindicating their claim."). Moreover, the Plan can only be terminated with the consent of Defendant or by a District Court order. *See* 29 U.S.C. § 1342(c); *see United Steelworkers of Am. Loc. 4805 v. Harris & Sons Steel Co.*, 706 F.2d 1289, 1295-96 (3d Cir. 1983). Because Defendant has failed to respond to Plaintiff's claims, the first factor weighs in favor of default judgment.

Second, the Court examines whether Defendant has a litigable defense. Defendant's failure to respond to PBGC's Complaint permits the Court to infer that Defendant does not have a litigable defense. *See, e.g., Chef's Warehouse Mid-Atlantic, LLC v. Bayou Boys LLC*, No. 25-721, 2025 WL 2535617, at *3 (E.D. Pa. Sep. 3, 2025) ("[I]t is well established that when a party does not answer

8

or otherwise respond to the complaint, the Court may presume that it has 'no meritorious defense.'" (quoting *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014))); *Malibu Media, LLC v. Ramiscal*, No. 14-7517, 2016 WL 8698533, at *4 (D.N.J. Feb. 19, 2016) ("[T]he Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). The Court thus presumes that Defendant does not have a meritorious defense to prevent PBGC from obtaining its requested relief. The second factor, accordingly, weighs in favor of default judgment.

Third, the Court determines whether Defendant's delay is due to culpable conduct. In the context of a default judgment, "culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Defendant's failure to respond, "permits the Court to draw an inference of culpability on [its] part." *JUUL Labs, Inc. v. Zoey Trading LLC*, No. 21-19299, 2022 WL 970412, at *6 (D.N.J. Mar. 31, 2022). The third *Emcasco* factor, accordingly, weighs in favor of default judgment.

Balancing the three *Emcasco* factors and weighing all considerations, the Court finds that default judgment in favor of PBGC against Defendant is appropriate. *See Joe Hand Promotions, Inc. v. Waldron*, No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013) (finding that factors weighed in favor of default judgment where there was no indication of a cognizable defense to plaintiff's claims, plaintiff had no alternative means of vindicating its claim, and defendants failed entirely to respond).

9

## IV.   CONCLUSION

For the reasons set forth herein, PBGC's Motion for Default Judgment is granted. The Court will issue an Order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: _____2/17/, 2026

10